Thomas J. JUSTMANN and Victoria L. Justmann,
Plaintiffs-Appellants,

v.

PORTAGE COUNTY, Defendant-Respondent.

Court of Appeals

*No. 03–3310. Submitted on briefs August 5, 2004.—Decided December 16, 2004.*

2005 WI App 9

(Also reported in 692 N.W.2d 273.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael S. Heffernan*, and *Allen A. Arntsen* of *Foley & Lardner LLP*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael J. McKenna*, Portage County Corporation Counsel, Stevens Point.

Before Deininger, P.J., Dykman and Vergeront, JJ.

¶ 1. DYKMAN, J.  Thomas and Victoria Justmann appeal from a judgment on a jury verdict awarding them $10,700 for property taken by Portage County for highway construction. The Justmanns contend that under WIS. STAT. § 32.09(6) (2001–02)[1] they are entitled to an additional $43,894.89 in severance damages.

---

[1] WISCONSIN STAT. § 32.09(6) provides:

> In the case of a partial taking of property other than an easement, the compensation to be paid by the condemnor shall be the greater of either the fair market value of the property taken as of the date of evaluation or the sum determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist:

> (a) Loss of land including improvements and fixtures actually taken.

Because we conclude that the plain language of § 32.09(6) does not provide severance damages[2] when compensation for a partial taking is based on the fair market value of the property taken, as it was here, we affirm.

(b) Deprivation or restriction of existing right of access to highway from abutting land, provided that nothing herein shall operate to restrict the power of the state or any of its subdivisions or any municipality to deprive or restrict such access without compensation under any duly authorized exercise of the police power.

(c) Loss of air rights.

(d) Loss of a legal nonconforming use.

(e) Damages resulting from actual severance of land including damages resulting from severance of improvements or fixtures and proximity damage to improvements remaining on condemnee's land. In determining severance damages under this paragraph, the condemnor may consider damages which may arise during construction of the public improvement, including damages from noise, dirt, temporary interference with vehicular or pedestrian access to the property and limitations on use of the property. The condemnor may also consider costs of extra travel made necessary by the public improvement based on the increased distance after construction of the public improvement necessary to reach any point on the property from any other point on the property.

(f) Damages to property abutting on a highway right-of-way due to change of grade where accompanied by a taking of land.

(g) Cost of fencing reasonably necessary to separate land taken from remainder of condemnee's land, less the amount allowed for fencing taken under par. (a), but no such damage shall be allowed where the public improvement includes fencing of right-of-way without cost to abutting lands.

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] Severance damages are defined as "the diminution in the fair market value of the remaining land that occurs because of [a] taking." *Alsum v. Dept. of Transportation*, 2004 WI App 196, ¶ 12, 276 Wis. 2d 654, 689 N.W.2d 68 (citation omitted).

### *Background*

¶ 2.    This eminent domain case arises from Portage County's condemnation of a part of the Justmanns' property for highway use. A condemnation proceeding resulted in an award of $75,300 to the Justmanns. The Justmanns appealed this award to the circuit court under Wis. Stat. § 32.05(11). A jury heard the appeal, and returned a special verdict that found the fair market value of the property taken to be $86,000. As directed, the jury also found the so-called "before and after" value of the property—i.e., the difference between the value of the property remaining after the taking and the value of the entire property immediately before the taking—to be $42,500. Applying Wis. Stat. § 32.09(6), the trial court based the compensation award on the higher of the two valuations—here, the property taken value of $86,000—then awarded damages of $10,700, the difference between the fair market value and the $75,300 award already paid to the Justmanns.

¶ 3.    Included in the jury's "before and after" calculation was $43,894.89 in severance damages caused by the taking:    $8,100 for the loss of a well, $34,144.89 to reroute an irrigation system, and $1,650 for landscaping.[3] The trial court did not award severance damages because it based its award on the value of the property taken and concluded that Wis. Stat. § 32.09(6) provides severance damages only when the award is based on a "before and after" method of compensation.

---

[3] Though the jury incorporated the $43,894.89 in severance damages into their "before and after" determination, for some unknown reason this amount exceeded the total "before and after" value of $42,500. The trial court determined that this error was not sufficient to require a new trial. We agree.

The Justmanns maintain that § 32.09(6) does not deny the possibility of severance damages for awards calculated under the value of the property taken approach, and appeal.

## *Analysis*

■

¶ 4.    This case turns on our interpretation of WIS. STAT. § 32.09(6). We review questions of statutory interpretation de novo. *State v. Sveum*, 2002 WI App 105, ¶ 5, 254 Wis. 2d 868, 648 N.W.2d 496.

¶ 5.    WISCONSIN STAT. § 32.09(6) provides that when an exercise of eminent domain results in a partial taking

> the compensation to be paid by the condemnor shall be the greater of either the fair market value of the property taken as of the date of evaluation or the sum determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist . . . .

The parties agree that this section entitles the property owner to either (1) the fair market value of the part of the property taken or (2) the difference between the value of the whole property immediately before the taking and the value of the remaining property immediately after the taking (the "before and after" method), whichever amount is greater. They dispute whether the severance damages portion of § 32.09(6)—roughly the

last third of the passage excerpted above, beginning with "and giving effect"—applies to both methods of calculating compensation, or only to the "before and after" method.

¶ 6.  "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper and intended effect." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. When interpreting a statute, we "begin[] with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659. If the analysis "yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Bruno v. Milwaukee County*, 2003 WI 28, ¶ 20, 260 Wis. 2d 633, 660 N.W.2d 656.

¶ 7.  The Justmanns contend that WIS. STAT. § 32.09(6) does not plainly provide that severance damages are available only under the "before and after" method of compensation. They assert that because the statute lacks such an express statement, the statute is ambiguous as to whether severance damages are available under both methods of valuation. They further contend that if we conclude that the statute is ambiguous, we must construe it in their favor, citing *Redevelopment Authority of Green Bay v. Bee Frank, Inc.*, 120 Wis. 2d 402, 409–410, 355 N.W.2d 240 (1984) (explaining that statutory provisions regarding the compensation to be paid to a condemnee are to be liberally construed in favor of the condemnee). We reject the Justmanns' reading of the statute.

493

¶ 8. A statute is ambiguous if reasonably well-informed persons are capable of understanding it in two or more senses. *Bruno*, 260 Wis. 2d 633, ¶ 19 (citations omitted). Disagreement between parties is not the test for ambiguity. *See Id.*, ¶ 21. "[T]he test for ambiguity examines the language of the statute to determine whether well-informed persons *should have* become confused, that is, whether the statutory language *reasonably* gives rise to different meanings." *Kalal*, 271 Wis. 2d 633, ¶ 47 (citations omitted).

¶ 9. We conclude that the language of the statute unambiguously provides for severance damages only under the "before and after" method of compensation. The relevant portion of Wis. Stat. § 32.09(6) consists of a single 116–word partial sentence. It begins with an either/or construction: "[T]he compensation to be paid by the condemnor shall be the greater of either the fair market value of the property taken . . . or [the "before and after" value]." *Id.* The severance damage part of § 32.09(6) is incorporated into the "or" side of the construction, which contains the "before and after" method of determining compensation:

> the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement [*and here begins the severance damages part of the statute*] and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage . . . ."

Section 32.09(6). No language or punctuation marker sets the severance damage portion of the section apart from the either/or construction set forth at the begin-

ning of the sentence. Therefore, we read the severance damages language to be a part of the either/or logic of the statute, and conclude that such damages are available only under a "before and after" method of compensation.

¶ 10. The Justmanns contend that the legislative history of WIS. STAT. § 32.09(6) does not evidence intent to deny recovery of severance damages when compensation is based on the value of the property taken. Because we conclude that § 32.09(6) is unambiguous, we may not view its legislative history to contradict or vary our interpretation of the statute's plain meaning. *Kalal*, 271 Wis. 2d 633, ¶ 51.

¶ 11. However, we observe that the legislative history cited by the Justmanns is not inconsistent with the text of the statute. *See Kalal*, 271 Wis. 2d 633, ¶ 51 ("[L]egislative history is sometimes consulted to confirm or verify a plain-meaning interpretation.") (citation omitted). Prior to 1978, compensation for a partial taking was based solely on a "before and after" determination, which included severance damages. *See* WIS. STAT. § 32.09(6) (1975–76). Chapter 440 of the Laws of 1977 added an alternate method of computation, the value of the property taken:

> [T]he compensation to be paid by the condemnor shall be *the greater of either the fair market value of the property taken as of the date of evaluation or the sum* determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement . . . (statutory changes shown in italics)

Laws of 1977, ch. 440 § 8. The Justmanns observe that that a note prepared by a legislative support agency accompanying the bill that became law states:

> This SECTION of the bill modifies the current "before and after" rule for determining the just compensation in a partial taking of property other than an easement. The added language allows a greater recovery if the fair market value of the property taken exceeds the "before and after" value. This reduces the possibility of an award of zero, which can occur under the current statute if the remainder is worth as much or more than the whole property before the taking . . . .

Legislative Council Note, 1977 AB 1077. Under this analysis, the purpose of adding an alternate means of calculating loss was to ensure fair compensation for condemnees if the remaining property increased in value immediately following the taking, resulting in an award of zero under the "before and after" formula. Its purpose does not appear to be to provide an alternative means of damage determination for condemnees to bolster awards beyond the levels that had been determined under the traditional "before and after" method.

¶ 12. Furthermore, our decision, while based on a plain language interpretation of WIS STAT. § 32.09(6), leads to a reasonable result and is consistent with commentary and cases from other jurisdictions. As the text of § 32.09(6) indicates, severance damages are part and parcel of the "before and after" value. As one court explained:

> It is incorrect to think of "severance damage" as a separate and distinct item of just compensation apart from the difference of the market value of the remainder immediately after the taking. In the case of a partial taking if the "before and after" measure of compensation [is determined] . . . there is no occasion . . . to talk

about "severance damage" as such, and indeed it may be confusing to do so. The matter is taken care of automatically in the "before and after" [determination].

*United States v. 9.20 Acres of Land*, 638 F.2d 1123 (8th Cir. 1981) (citations omitted). Approaches to valuation that separate severance damages from other factors that contribute to the value of the property remaining after a taking have been criticized as being inconsistent with real world market valuation and appraisal techniques, MODEL EMINENT DOMAIN CODE § 1002(b) cmt. (2002); artificial and difficult for courts and juries to apply in a manner that achieves consistent results from case to case, *see* 1 ORGEL, VALUATION UNDER THE LAW OF EMINENT DOMAIN § 65 (2d ed. 1953); and as "tending to allow for duplication of damages and overpayment to the condemnee," 4A NICHOLS, EMINENT DOMAIN § 14.02[1][c] (3d rev. ed. 2002). Surveying cases from jurisdictions that apply variations on this method, a leading treatise concludes that the approach "results more in sophistry than equity." *Id.*

¶ 13.    Finally, the Justmanns contend that the just compensation requirement of the Fifth Amendment to the United States Constitution and article 1, section 13 of the Wisconsin Constitution entitle condemnees to severance damages as a matter of constitutional right, citing *Bauman v. Ross*, 167 U.S. 548, 574, 17 S. Ct. 966 (1897) and *Narloch v. Dep't of Transportation*, 115 Wis. 2d 419, 423 n.2, 340 N.W.2d 542 (1983). The Justmanns' argument, which consists of conclusory statements and one passage each from *Bauman* and *Narloch* (without context), is inadequate to the task of proving the statute to be unconstitutional. In short, the argument

497

is undeveloped, and we need not address it. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct.App. 1992).

*By the Court.*—Judgment affirmed.