COURT OF APPEALS
DECISION
DATED AND FILED

February 25, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP726**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV2596**

IN COURT OF APPEALS
DISTRICT IV

WISCONSIN DEPARTMENT OF REVENUE,

PETITIONER-APPELLANT,

V.

DEERE AND COMPANY,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: VALERIE BAILEY-RIHN, Judge. *Affirmed.*

Before Blanchard, Kloppenburg, and Nashold, JJ.

¶1 BLANCHARD, J. The Wisconsin Department of Revenue appeals a decision of the Wisconsin Tax Appeals Commission permitting taxpayer corporation Deere and Company ("Deere") to claim a deduction from its state taxable income under Wisconsin's so called "dividends-received deduction"

statute, WIS. STAT. § 71.26(3)(j) (2017-18).[1] Deere's claim to the deduction involved a Deere subsidiary that was organized outside the U.S. and that the federal Internal Revenue Service treated as a corporation for federal tax purposes, even though the subsidiary is not organized as a corporation. The Department challenges the commission's rulings that: (1) under the deduction statute, Deere could deduct from Deere's taxable income distributions that Deere received from its subsidiary; and (2) in the alternative, regardless which interpretation of the deduction statute is correct, the Department is precluded by WIS. STAT. § 73.16(2)(a) from advancing the position that Deere could not take this deduction, because that would contradict guidance published by the Department. We have no need to reach the statutory interpretation issue because we agree with Deere and the commission on the contrary-to-guidance issue, and we conclude that this is dispositive.

¶2 On the contrary-to-guidance issue, the Department argues that the text of the guidance that was in effect at pertinent times was not contrary to its current position that the deduction statute does not apply. In the alternative, the Department argues that the guidance cannot in itself "entitle Deere to the dividends-received deduction." We conclude that the commission correctly determined that the Department's position regarding the dividends-received deduction is contrary to the guidance that was then in effect and that therefore WIS. STAT. § 73.16(2)(a) prohibited the Department from advancing its current position before the commission. We further conclude that the Department fails to develop an argument that, despite the terms of § 73.16(2)(a), it may disallow

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Deere's claim of the deduction. Accordingly, we affirm the tax appeals commission.

## BACKGROUND

¶3     We resolve this appeal based on the contrary-to-guidance issue. But to place that issue in understandable context, it is necessary to explain in some detail the parties' dispute over the proper interpretation of WIS. STAT. § 71.26(3)(j).

¶4     The parties have stipulated to the pertinent facts. This case arose from a Department audit of Deere for the tax years ending on October 31 for 2013, 2014, and 2015. For ease of reference we generally speak in terms of a single deduction claim.

¶5     At all pertinent times, Deere was a corporation that was incorporated under Delaware law. It was part of the following ownership chain of business entities. Deere was the sole owner of John Deere Holding LLC, a limited liability company, also organized under Delaware law. Deere Holding was a disregarded entity for Wisconsin and federal tax purposes.[2] Deere and Deere Holding collectively owned all of the equity of a third entity, John Deere Holding LLC 1 S.C.S. ("Deere Luxembourg"), which the U.S.-based companies created under the laws of Luxembourg. Because Deere Holding was a disregarded entity, Deere was treated as the sole owner of Deere Luxembourg for tax purposes.

---

[2] *See* WIS. STAT. § 71.22(1k) ("A single-owner entity that is disregarded as a separate entity under section 7701 of the Internal Revenue Code is disregarded as a separate entity under [WIS. STAT. ch. 71], and its owner is subject to the tax on or measured by the entity's income.").

¶6     Deere Luxembourg was organized as a form of limited partnership under the laws of Luxembourg. Accordingly, Deere's federal tax return described Deere's ownership interest in Deere Luxembourg as an interest in a partnership, and the partnership agreement governing Deere Luxembourg established that its sole form of ownership consisted of partnership interests. Despite that declaration, it is undisputed that Deere Luxembourg could and did elect to be treated as a "corporation" for U.S. federal tax purposes under federal regulations sometimes referred to as the "check-the-box" regulations: a qualifying entity's federal tax status is established merely by placing a check in the "corporation" box or the "partnership" box. *See **Dover Corp. & Subsidiaries v. Comm'r***, 122 T.C. 324, 330-31 (2004) (describing federal tax rules "commonly referred to as 'check-the-box' regulations" that "permit" unincorporated business organizations to elect to be taxed either as a corporation or a partnership); *see also **Marx v. Morris***, 2019 WI 34, ¶25, 386 Wis. 2d 122, 925 N.W.2d 112 (citing Treas. Reg. § 301.7701-3(a) and referring to related regulations as "'check-the-box' regulations").

¶7     During two of the audited tax years, Deere and Deere Holding received cash distributions from Deere Luxembourg. Deere reported these distributions as part of its income on its Wisconsin tax return, including distributions made to the disregarded Deere Holding. Deere's Wisconsin return also deducted the full amount of these distributions based on the dividend-received deduction, WIS. STAT. § 71.26(3)(j).

¶8     We now briefly explain pertinent Wisconsin tax law. When a Wisconsin "corporation" owns a sufficient share of another "corporation," it is permitted under WIS. STAT. § 71.26(3)(j) to "deduct from [its] income [those] dividends received from [the owned] corporation with respect to its common stock," that is, with respect to common stock of the owned corporation. "[U]nless

4

context requires otherwise," "corporation," as it is used in Wisconsin's corporate tax statutes, is defined to "include" non-corporate entities that have timely elected corporate tax treatment. WIS. STAT. § 71.22(1k). We describe § 71.22(1k) and § 71.26(3)(j) in more detail in the Discussion section below.

¶9 We now summarize the Department guidance at issue. Before and during the audit period, the Department had in place public guidance in the form of its Publication 119, which was entitled "Limited Liability Companies (LLCs)." WIS. DEP'T OF REVENUE, LTD. LIAB. COS. (LLCS), PUBL'N NO. 119, § I (Feb. 2014). This guidance stated that its purpose was to provide "information about the Wisconsin tax treatment of limited liability companies." The guidance contained the following pertinent statements. First, "[a]n LLC that is treated as a corporation under the [internal revenue code] is treated as a corporation for Wisconsin purposes." *Id.*, § VI.A. Second, "[i]f an LLC is classified as a corporation, an LLC interest is treated in the same manner as stock." *Id.*, § IX. This guidance was in effect when the Department notified Deere that the Department had determined that Deere could not claim the dividends-received deduction with respect to distributions from Deere Luxembourg.[3]

¶10 Returning to the case chronology, the Department sought from Deere a total of $151,937 in additional tax, plus interest, on the ground that the

---

[3] We analyze a single version of the guidance that the parties agree is the version that could matter here. The Department revised the guidance once during the audit period and again after the audit period, but neither party argues that we should treat either set of revisions as pertinent to the analysis of any issue in this appeal. The first of the two revisions, in February 2014, did not alter any language that figures into our analysis. As part of the post-audit revision, the Department withdrew language regarding the treatment as stock of interests in LLCs that have elected corporate tax treatment. *See* WIS. DEP'T OF REVENUE, LTD. LIAB. COS. (LLCS), PUBL'N NO. 119, § 9 (June 2019), https://www.revenue.wi.gov/DOR%20Publications/pb119.pdf.

distributions to Deere were not "dividends received from [Deere Luxembourg] with respect to its common stock" under WIS. STAT. § 71.26(3)(j).

¶11 Deere petitioned the Department to reconsider. Deere argued that the pertinent Wisconsin tax statutes mirrored the federal approach. Under this view, once Deere Luxembourg "checked" the "corporation" "box" for tax purposes, Deere was free to treat its partnership interest in Deere Luxembourg as stock and to treat Deere Luxembourg's distributions as dividends for tax purposes. The Department rejected Deere's petition, and Deere appealed to the commission.

¶12 The commission concluded that Deere could deduct the Deere Luxembourg distributions through Wisconsin's dividends-received deduction. The commission noted that, under federal tax regulations, an entity that has elected to be taxed as a corporation is treated as having become a corporation for tax purposes. More specifically, the commission went on to explain, federal taxing authorities treat the entity as if it had actually completed a business transaction that effectively reorganized the entity as a corporation and converted its ownership interests into stock. *See* Treas. Reg. § 301.7701-3(g)(1)(i) (partnership that has elected corporate tax treatment is deemed to have engaged in a transaction in which its partners end up holding stock in a corporation that effectively takes the place of the partnership).

¶13 Turning to Wisconsin law, the commission reasoned that the legislature's decision to include, within the WIS. STAT. § 71.22(1k) definition of "corporation," entities that are treated as corporations for federal tax purposes has the effect of importing into Wisconsin law the federal regulatory practice of deeming such entities as having been converted into corporations with stock. Applying this reasoning, the commission determined that Deere Luxembourg's

distributions to Deere were "dividends received from [Deere Luxembourg] with respect to its common stock" under WIS. STAT. § 71.26(3)(j) because for Wisconsin tax purposes Deere Luxembourg is "not only taxed as a corporation, it is a corporation."

¶14 As we describe in more detail below, the commission also determined that the Department guidance was consistent with the commission's conclusions on the dividends-received deduction and contrary to the Department's position before the commission. As a result, the commission decided that, under WIS. STAT. § 73.16(2)(a), the Department could not advance its contrary-to-guidance position.

¶15 As it had a right to do under WIS. STAT. §§ 73.015, 227.52, and 227.53, the Department appealed the commission's decision to the circuit court. The court affirmed the commission on both the statutory interpretation issue and the alternative contrary-to-guidance issue. The Department appeals.

## DISCUSSION

¶16 The Department argues that the commission erred in concluding that the Department's guidance was contrary to the interpretation of WIS. STAT. § 71.26(3)(j) that the Department advanced before the commission. The Department argues in the alternative that, even if its position is contrary to its guidance, the commission erred in concluding that the Department cannot disallow the claimed deduction given its contrary guidance. Deere contends that the guidance was inconsistent with the Department's position that the deduction did not apply and that the Department was therefore precluded from taking that position under WIS. STAT. § 73.16(2)(a). We agree with Deere that the Department's position before the commission regarding the dividends-received

7

deduction is contrary to the guidance and that, as a result, the Department could not disallow Deere's deduction claim. We reject as undeveloped the Department's arguments that, even if the guidance at issue is inconsistent with the Department's position in its appeal to the commission, the Department may nevertheless disallow Deere's deduction claim.

¶17    We begin our analysis by providing the applicable legal standards. We next describe WIS. STAT. §§ 73.16(2)(a), 71.22(1k), and 71.26(3)(j) in more detail, and summarize the parties' competing interpretations of those statutes to place the dispositive contrary-to-guidance issue in proper context. We then apply our interpretation of § 73.16(2)(a) to the guidance and the Department's current position.

*Legal Standards*

¶18    In an appeal of a circuit court order affirming or reversing a decision of the tax appeals commission, we review the commission's decision, not the circuit court's decision. *See DOR v. Microsoft*, 2019 WI App 62, ¶¶1, 13, 389 Wis. 2d 350, 936 N.W.2d 160.

¶19    We give no deference to conclusions of law reached by an administrative agency such as the commission. *See Myers v. DNR*, 2019 WI 5, ¶17, 385 Wis. 2d 176, 922 N.W.2d 47; WIS. STAT. § 227.57(11). Instead, both the interpretation of statutory language and the application of statutory provisions to undisputed facts are questions of law that we determine independently. *See Myers*, 385 Wis. 2d 176, ¶¶17-18; *DOR v. Menasha Corp.*, 2008 WI 88, ¶44, 311 Wis. 2d 579, 754 N.W.2d 95.

*Governing Tax Statutes And The Parties' Competing Interpretations*

¶20　The pertinent paragraph of WIS. STAT. § 73.16(2) ("Relying on published guidance") provides in part:

> the department [of revenue] shall not take a position … that is contrary to any guidance published by the department prior to that period and not subsequently retracted, altered, or amended by the department or the legislature or by a final and conclusive decision of the tax appeals commission or courts.

Sec. 73.16(2)(a); *see also* § 73.16(5) ("notwithstanding any other provision of law, [§ 73.16] applies to all taxes and fees administered by the department"). By its own terms, § 73.16(2)(a) applies "in the course of any determination, or in the course of any proceeding appealing any determination."

¶21　The "position" of the Department under WIS. STAT. § 73.16(2)(a) is its interpretation of WIS. STAT. § 71.26(3)(j) before the commission. That Department position, Deere argues, cannot contradict the Department's own guidance.

¶22　We now describe in more detail the statutes that are the focus of the Department's current position, beginning with WIS. STAT. § 71.22(1k)'s technical definition of "corporation" for the purposes of WIS. STAT. ch. 71. As noted above, under § 71.22(1k), the definition of "'[c]orporation' includes" an entity that is not organized as a corporation, but that is treated as a corporation for tax purposes. This includes LLCs that have elected corporate tax treatment and "all other entities treated as corporations under section 7701 of the Internal Revenue Code, unless the context requires otherwise." *See also* 26 U.S.C. § 7701(a)(3) (defining the "term 'corporation' to include associations"); Treas. Reg. § 301.7701-3(a), (g) (permitting certain non-corporate entities to elect corporate classification for tax

purposes; describing effect of a partnership that has elected to be treated as an "association").[4]

¶23    Moving to the more immediate statutory context of the dividends-received deduction, it is prefaced by subsection (3) of WIS. STAT. § 71.26. Subsection (3) states that the "income of a corporation shall be computed under the [U.S.] internal revenue code … as modified" by a series of provisions, including the deduction itself in paragraph (j).  Consistent with this framing, the text of the Wisconsin version of the dividends-received deduction, § 71.26(3)(j), begins by excluding the sections of the internal revenue code that outline the federal version of the dividends-received deduction (specifically internal revenue code "[s]ections 243, 244, 245, 245A, 246 and 246A").  The Wisconsin deduction statute then replaces the excluded federal provisions with a rule for Wisconsin tax purposes, which in pertinent part provides as follows:

> [C]orporations may deduct from income dividends received from a corporation with respect to its common stock if the corporation receiving the dividends owns, directly or indirectly, during the entire taxable year at least 70 percent of the total combined voting stock of the payor corporation.

Sec. 71.26(3)(j).

---

[4]  The pertinent portion of WIS. STAT. § 71.22(1k) provides:

> "Corporation" includes corporations, publicly traded partnerships treated as corporations in section 7704 of the internal revenue code, limited liability companies treated as corporations under the internal revenue code, joint stock companies, associations, common law trusts and all other entities treated as corporations under section 7701 of the Internal Revenue Code, unless the context requires otherwise.

¶24 We now summarize the parties' competing interpretations of these statutes. The Department argues that Deere cannot deduct distributions received with respect to its ownership interest in Deere Luxembourg because WIS. STAT. § 71.26(3)(j) allows the deduction of "dividends received from a corporation with respect to its common stock." This is so, the Department argues, because Deere Luxembourg was not organized as a corporation and did not in fact pay out "dividends" or issue "common stock."[5]

¶25 Deere points out that the definition of "corporation" in WIS. STAT. § 71.22(1k) provides that "'corporation' includes" non-corporate entities that are treated as corporations for federal tax purposes. Deere submits that this demonstrates that the legislature meant for the terms "dividends" and "common stock" used in WIS. STAT. § 71.26(3)(j) to be understood to have the same flexibility. As a result, Deere argues, the terms "dividends" and "common stock" should be interpreted to include the distributions and ownership interests of non-corporations that have elected to be taxed as corporations, which would allow Deere to deduct the Deere Luxembourg distributions.

¶26 Consistent with its position on WIS. STAT. § 71.26(3)(j), the Department maintains that the definition of "corporation" in WIS. STAT. § 71.22(1k) does not affect the meaning of "stock" or "dividend" in such a way

---

[5] Given our conclusion that the contrary-to-guidance issue is dispositive, we do not address the numerous subarguments raised by the parties that focus primarily on the proper interpretation of WIS. STAT. § 71.26(3)(j), in light of the technical definition of "corporation" in WIS. STAT. § 71.22(1k). We note for context that the Department relies on dictionary definitions of "stock" and "dividend," suggesting that those terms apply exclusively to entities that were organized as corporations. The Department further argues that resorting to dictionary definitions is appropriate because these terms are not explicitly defined in § 71.22(1k) or any other pertinent section in WIS. STAT. ch. 71.

that those terms can be understood to include the ownership interests or distributions of non-corporations that have elected corporate tax treatment.

*Application Of WIS. STAT. § 73.16(2)(a)*

¶27 We agree with Deere that, under a plain language interpretation of WIS. STAT. § 73.16(2)(a), the Department was not permitted to advance before the commission its current position regarding the interpretation of WIS. STAT. § 71.26(3)(j) and WIS. STAT. § 71.22(1k), because that interpretation is contrary to the pertinent language of the guidance. To repeat, as part of its overall purpose to provide "information about the Wisconsin tax treatment of" LLCs, the guidance included the following: "If an LLC is classified as a corporation, an LLC interest is treated in the same manner as stock." This states that the Department will treat as stock the ownership interests of LLCs that have elected corporate tax treatment, even though there is no dispute that LLCs are not organized as corporations. This is contrary to the position advanced by the Department before the commission and now that, under § 71.26(3)(j), the ownership interests in all non-corporations, including LLCs, are to be treated as distinct from stock. In other words, the Department's current position rests on a universal distinction between all stock-issuing corporations and all non-corporations for the purposes of the dividends-received deduction, and this cannot be reconciled with what the guidance stated about the tax treatment of LLCs that have elected corporate classification.

¶28 Further, the Department does not dispute that the proceeding before the commission here—which was a review of the Department's disallowance of Deere's claimed deduction—constituted a "proceeding appealing any determination" as that phrase is used in WIS. STAT. § 73.16(2)(a). Nor does the Department argue that it matters to the potential application of § 73.16(2)(a) here

12

that the Department eventually altered Publication 119 to remove the "in the same manner as stock" language. *See* n.3 above. In sum, § 73.16(2)(a) applies here, and the Department was not permitted to advance its current position contrary to the guidance that it had in place during the audit period.

¶29 In reaching this conclusion, we reject the Department's arguments that its guidance was not contrary to its current position, and that, even if its guidance contradicted its current position, it can nevertheless disallow Deere's deduction claim. We provide additional background pertinent to the contrary-to-guidance issue and then address the Department's arguments.

¶30 The guidance cited WIS. STAT. § 71.22(1k) for the proposition that "[a]n LLC that is treated as a corporation under the [internal revenue code] is treated as a corporation for Wisconsin purposes." PUBL'N NO. 119, § VI.A. Moving beyond that more general point, section IX of the guidance contained the language noted above that more narrowly addressed the ownership interests of LLCs that elected corporate tax treatment. Specifically, this language regarding the "treat[ment]" of an LLC interest "in the same manner as stock" was the first sentence of the lone introductory paragraph in section IX. *Id.*, § IX. This section was entitled "tax treatment of members of LLCs classified as corporations." (Bolding and capitalization omitted.) *Id.* The rest of section IX consisted of short subsections addressing various topics related to the taxation of LLCs that have chosen to be taxed as corporations. *See id.*

¶31 As the Department notes, no portion of section IX explicitly addressed the dividends-received deduction. Indeed, the parties do not identify, and we do not discern, an explicit reference to the deduction anywhere in the guidance.

¶32    Nonetheless, Deere specifically cited the guidance in its petition for review to the commission, in its briefing to the commission, and before the circuit court in support of the proposition that the Department had "recognized [the] principle" that a non-corporation's election of corporate tax treatment extends to the tax treatment of the non-corporation's equity interests. That is, based on what Deere viewed as the Department's recognition of this principle in its guidance, Deere consistently argued that, under WIS. STAT. § 73.16(2)(a), the Department could not take a contrary position to this principle before the commission.

¶33    The commission agreed with Deere, reasoning as follows:

> According to the guidance in Publication 119, a member's interest in an LLC classified as a corporation is treated as though it is stock. Because, here, LLCs and LLPs are not dissimilar in any relevant aspect, we find that an interest in an LLP which is classified as a corporation under the federal Check-the-Box election, is likewise to be treated in the same manner as stock.

Accordingly, the commission concluded that discussion in the guidance about how LLCs were to be treated as corporations "also applie[d] to LLPs" and that the Department "must respect its own guidance in effect during the Audit Period."

¶34    Turning to the Department's arguments, it appears to present four subarguments in support of the contention that the guidance at issue is not contrary to the Department's current position. As we now explain, we reject some of these subarguments because they construe too narrowly what the Department's current position is, and others because they do not offer a reasonable interpretation of the guidance.

¶35    The first two subarguments both depend on what the guidance did *not* refer to: the guidance discussed the taxation of LLCs but not the taxation of

14

limited partnerships; and it did not specifically address the dividends-received deduction. We reject these subarguments because they both rest on the premise that the Department's current position on the statutory interpretation issue is narrower than it actually is. The Department's current position is not merely that the ownership interests of *limited partnerships* that have elected corporate tax treatment should not be considered "common stock" for purposes of WIS. STAT. § 71.26(3)(j). Rather, as we have explained, the Department argues that the use of the term "common stock" in § 71.26(3)(j) effectively creates a universal distinction that excludes distribution income from *any* non-corporate entity, including ownership interests in LLCs that have elected corporate tax treatment. Further, the Department contends that this distinction is not affected by the broadening of the meaning of "corporation" in WIS. STAT. § 71.22(1k).

¶36 Applying our reasoning to the Department's first subargument, it does not assist the Department that its guidance focused on LLCs, as opposed to limited partnerships. This is because the Department's position before the commission and on appeal depends on reasoning that applies to all non-corporations that have elected corporate tax treatment, including LLCs and limited partnerships. Moreover, the Department does not address the commission's point that there is no reason to believe that the tax treatment of LLCs in the guidance would meaningfully vary from the tax treatment of limited partnerships.

¶37 Likewise, the Department's second subargument—emphasizing that the phrase "treated in the same manner as stock" in the guidance did not specifically reference the dividends-received deduction—again fails to account for the breadth of its current position on the interpretation of WIS. STAT. § 71.26(3)(j). That position relies in part on the following proposition: the "inclu[sion]" of non-corporations into the definition of "corporation" by WIS. STAT. § 71.22(1k) does

15

not have the effect of creating a rule for Wisconsin tax purposes that treats all non-corporations as if they were corporations, such as by treating their ownership interests as "stock." Contrast this with the guidance, which relied on the flexible definition of "corporation" in WIS. STAT. § 71.22(1k) to state that LLCs that elected to be federally taxed as a corporation were "treated as a corporation for Wisconsin purposes," PUBL'N NO. 119, § VI.A., before going on to state that ownership interests in such LLCs would be "treated in the same manner as stock," *id.*, § IX. In sum, even though the guidance did not explicitly reference the deduction statute, the Department fails to show how its explicit statement to taxpayers in the guidance that it would treat at least one category of non-corporate ownership interest as if it were stock is not at odds with the Department's current position on § 71.26(3)(j), which depends on a purported universal distinction between stock and non-corporate ownership interest.

¶38 We conclude that the Department's third and fourth subarguments miss the mark because they ask us to construe the guidance language in an overly narrow manner. Beginning with the third subargument, the Department contends that the context of the "in the same manner as stock" language in the guidance demonstrates that it addressed only the tax treatment of the *sale of interests* in LLCs that have elected corporate tax treatment and not the treatment of *distributions* made with respect to such interests. As we now explain, we conclude that the Department parses the guidance language too finely and, in effect, asks us to interpret the guidance as if it contained no reference to the treatment of LLCs that elected to be taxed as corporations.

¶39     The Department bases its subargument on the examples that were provided in the subparts in section IX of the guidance, each of which referred to the "gain or loss" from "disposing" of an LLC interest.[6]  The Department contends that these examples demonstrate that section IX merely illustrated that the *sale* of LLC membership interests could create taxable income, just as could be the case if a taxpayer sold corporate stock, and the guidance did not convey a broader point about treating LLC interests as stock in other ways.  However, assuming without deciding that the subpart examples were themselves as narrowly focused as the Department contends, we are not persuaded that the context they provided altered what was otherwise unqualified language stating that LLC interests would be

---

[6] The following excerpt illustrates how the subparts were arranged relative to the "in the same manner as stock language" within section IX of the guidance and the type of "gain or loss" language that the Department now argues limited the applicability of the treatment of LLC interests as stock:

### IX.  TAX TREATMENT OF MEMBERS OF LLCs CLASSIFIED AS CORPORATIONS

*If an LLC is classified as a corporation, an LLC interest is treated in the same manner as stock*.  The LLC's members are taxed as explained below.  If an LLC meets the requirements and elects to be treated as a tax-option (S) corporation, its members report their pro rata shares of the entity's items of income, loss, and deduction as explained in the Wisconsin Form 5S instructions.

### A.     LLC Members Who Are Full-Year Wisconsin Resident Individuals, Estates, and Trusts

Full-year residents are subject to Wisconsin income tax on distributions of income received from an LLC, regardless of where it is located.  *If a Wisconsin resident disposes of an LLC interest, any gain or loss is includable in Wisconsin taxable income*.

PUBL'N NO. 119, § IX (bolding in original, italicized emphasis added).

treated in the same manner as stock.[7] That would have been too obscure a way to convey this message. The Department does not point to an ambiguity or a qualification in the "in the same manner as stock" language; absent any such, we fail to see why a taxpayer should have recognized an implicit signal in the subsequent examples that the language has a narrow meaning.

¶40 There is another problem with the third subargument. Elsewhere, the guidance provided contextual evidence suggesting that its use of the phrase "in the same manner as stock" was part of a broader point about the treatment of corporations in Wisconsin tax law. As noted, the guidance interpreted the definition of "corporation" in WIS. STAT. § 71.22(1k) to mean that non-corporate entities that elected corporate tax treatment were themselves "treated as a corporation," which could reasonably be understood to include treating the entities as if they had stock rather than some other form of ownership interest, even before factoring in the "in the same manner as stock" language.

¶41 The fourth subargument that we perceive the Department to make emphasizes that the guidance spoke in terms of LLC interests being "treated in the same manner as stock," which the Department suggests was an attempt to meaningfully distinguish between, on the one hand, *treating* LLC interests *as if* they were stock and, on the other hand, the interests *actually becoming* stock.

---

[7] We note that some of the example subparts involved situations in which the gain or loss from disposing of an LLC interest was *not* includable in Wisconsin income, contrary to the Department's framing of its argument. *See, e.g.*, PUBL'N NO. 119, § IX.B (gain or loss realized on disposition of LLC interest sold by nonresident individuals not included in Wisconsin taxable income). However, as best we understand the Department's subargument, the Department means to suggest that what is significant is that the subpart examples for the most part relied on the context of the disposition of LLC interests, rather than the treatment of LLC interests as if they were stock for other purposes, such as receiving dividends.

Drawing on this purported distinction between mere treatment as stock and actually becoming stock, the Department contends that it is only the actual conversion of the interests into stock through reorganization that could allow the LLC to qualify for the dividends-received deduction. But as we next explain in more detail, this argument fails to come to grips with Deere's argument that WIS. STAT. § 71.22(1k) and WIS. STAT. § 71.26(3)(j) create a treatment-for-tax-purposes legal fiction regarding "stock," consistent with pertinent language in the guidance.

¶42    Stepping back, the parties do not dispute the following broad proposition. As a general rule, the legislature may assign a label to any entity for purposes of creating a taxation rule affecting that entity in a manner that disregards the origin or nature of the entity. This is well illustrated by WIS. STAT. § 71.22(1k). Through § 71.22(1k), the legislature has decided to "include" non-corporations that have elected corporate tax treatment within the definition of corporations, even though these non-corporations were never organized or reorganized into a corporate form. Further, the Department does not dispute that the legislature, in creating such fiction-for-taxation-purposes, could have done so in a way that extends not only to the entity's formal organization, but also to the form of its equity interests, as is done in the federal context through "deemed transactions." *See* Treas. Reg. § 301.7701-3(g)(1). Deere has consistently argued that § 71.22(1k) demonstrates the legislature's intent to do exactly that. The Department disputes this, but it fails to show how the pertinent version of Publication 119, read as a whole, is not consistent with Deere's interpretation of the legal fiction created by § 71.22(1k).

¶43    We turn now to the Department's alternative argument on the contrary-to-guidance issue. It briefly contends in its opening appellate brief that

19

the guidance could have no independent effect here. It may mean to argue that the guidance does not prevent it from disallowing the deduction because a proper interpretation of WIS. STAT. § 71.26(3)(j) must dictate the result, even if a taxpayer in Deere's position would have been justified in understanding the guidance to have allowed for the challenged deduction. However, the Department fails to develop a standalone argument to this effect. The Department does not attempt to base any argument on the text of WIS. STAT. § 73.16(2)(a), including the contention that the statute is merely directory as opposed to mandatory in its prohibition. More broadly, the Department's opening brief does not specifically argue that § 73.16(2)(a), if it does apply and is valid, is nonetheless not dispositive of its tax appeal.

¶44    As noted, Deere advances a dispositive argument based on the guidance that is consistent with our reasoning above. In its reply brief, the Department renews its assertion that the guidance could not "entitle[]" Deere "to the dividends-received deduction," but adds in support only a quotation from one opinion of our supreme court. The Department cites to a majority opinion in *SEIU, Local 1 v. Vos*, 2020 WI 67, ¶105, 393 Wis. 2d 38, 946 N.W.2d 35, for the statement that a "guidance document cannot affect what the law is, cannot create a policy, cannot impose a standard, and cannot bind anyone to anything." *See id.* As broad as the quoted statement in *SEIU* appears on its face to be, the Department makes no effort to develop any context for this statement in *SEIU* that would make it pertinent here. That is, the Department fails to explicitly apply whatever point it means to draw from this statement to a proper interpretation or application of WIS. STAT. § 73.16(2)(a) here.

¶45    The Department may mean to suggest that, through this statement, *SEIU* directs that § 73.16(2)(a) is an unconstitutional encroachment on the

Department's powers as an executive agency because the statute precludes one executive branch agency from taking a position contrary to any guidance it has issued. We reject this potential argument based on its lack of development. *See Justmann v. Portage Cnty.*, 2005 WI App 9, ¶13, 278 Wis. 2d 487, 692 N.W.2d 273 (conclusory statements with citation to cases without context was "inadequate to the task of proving [a] statute to be unconstitutional," making argument unnecessary to address under *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992)).

¶46    We now further explain our conclusion about a lack of developed argument based on *SEIU*. We acknowledge that, stripped of its context, the statement quoted by the Department may conflict with the evident purpose of WIS. STAT. § 73.16(2)(a) to "bind"—using a term in the *SEIU* statement—the Department to its guidance. With this in mind, and in the interest of completeness, we briefly summarize the pertinent portion of *SEIU* and explain how the Department's undeveloped quotation of the case leaves too many unanswered questions regarding the quoted language's context and reasoning for it to apply here.

¶47    *SIEU* involved a series of facial constitutional challenges to 2017 Wis. Act 369 and 2017 Wis. Act 370, based on separation of powers principles. *See SEIU*, 393 Wis. 2d 38, ¶¶1-13. As potentially pertinent here, the majority opinion authored by Justice Kelly addressed the constitutionality of a set of provisions dealing with "guidance documents" as that phrase is defined in WIS.

21

STAT. § 227.01(3m)(a).[8]  The court concluded that two provisions in the legislation were unconstitutional.  One provision required all executive agencies (with some exceptions) to "'identify the applicable provision'" of law that supported "'any statement or interpretation of law'" that the agency made in "'any publication, … including guidance documents, … regarding the laws the agency administers.'"  *Id.*, ¶90 (quoting 2017 Wis. Act 369, § 33 (WIS. STAT. § 227.05)).  The other provision laid out the procedure that an agency "must follow when creating a guidance document."  *Id.* (describing 2017 Wis. Act 369, § 38 (WIS. STAT. § 227.112)).

¶48  In reviewing the constitutionality of these provisions, the court identified the "creation and dissemination of [agency] guidance documents" as part of "the executive's core authority," and then made the statement that the Department now quotes, noted above.  *Id.*, ¶105.  Based on this, the court concluded that the two pertinent provisions "impermissibly interefere[d] with the executive's exercise of his [or her] core constitutional power" to communicate the executive's knowledge or intentions about the laws that the executive executes. *Id.*, ¶108.  These provisions improperly "insert[ed] the legislature as a gatekeeper between the analytical predicate to the execution of the laws and the actual execution itself."  *Id.*, ¶107.

¶49  With this background, the Department leaves many important questions unanswered regarding how *SEIU*'s discussion of constitutional

---

[8] The majority opinion that the Department briefly quotes was authored by Justice Kelly. ***SEIU*** involved separate majorities addressing distinct issues, with Justice Hagedorn writing a separate opinion for a majority on issues not pertinent to the Department's argument as best we understand it.  *See **SEIU, Local 1 v. Vos**, 2020 WI 67, ¶9, 393 Wis. 2d 38, 946 N.W.2d 35.

boundaries on legislative interference with the content and publication of executive guidance could apply here. The Department may intend to interpret the statement that a "guidance document cannot … bind anyone to anything" as a sweeping statement of constitutional law that invalidates any statute that purports to hold an agency to its guidance. We are skeptical, given the context in *SEIU*. The court was assessing statutes that specifically defined "guidance document" to be non-binding—a context that does not necessarily align with WIS. STAT. ch. 73's more targeted discussion of tax appeals. *See SIEU*, 393 Wis. 2d 38, ¶102 (interpreting WIS. STAT. § 227.01(3m) to define guidance document as having no "force or effect of law"); *see also id.*, ¶90 (quoting 2017 Wis. Act. 369, § 38 (WIS. STAT. § 227.112(3)) ("A guidance document does not have the force of law and does not provide the authority for implementing or enforcing a standard, requirement, or threshold")).[9]

¶50    Moreover, the Department does not begin to explain how permitting taxpayers to hold the Department to its guidance in proceedings before the commission under WIS. STAT. § 73.16(2)(a) is analogous to the unconstitutional "content" and "publication" requirements for agency guidance at issue in *SIEU*. Our supreme court concluded that the challenged legislation impermissibly "determine[d] the content" and controlled the issuance of guidance documents. *See SEIU*, 393 Wis. 2d 38, ¶122. In contrast, § 73.16(2)(a) does not prevent the Department from issuing guidance unless it follows certain procedures, nor does it establish the content that guidance must contain. Rather, when § 73.16(2)(a)

---

[9] Although the court noted that the concept of guidance documents in administrative law was not new when the legislation at issue was enacted, the court further explained that it based its "entire analysis" on the definition provided by WIS. STAT. § 227.01(3m). *SIEU*, 393 Wis. 2d 38, ¶¶89, 122.

applies, the Department cannot contradict its own guidance after it has created and issued that guidance free from legislative interference.

¶51 In sum, we conclude that the Department fails to develop a supported argument that it could contradict its own guidance before the commission despite the prohibition in WIS. STAT. § 73.16(2)(a).

## CONCLUSION

¶52 For all these reasons, we reject the Department's arguments that the commission erred in determining that the Department could not disallow Deere's claim of the dividends-received deduction. This is based on our conclusions that the guidance supported Deere's deduction claim and that the Department fails to develop an argument that the Department can contradict its own guidance despite WIS. STAT. § 73.16(2)(a). Accordingly, we affirm the order of the circuit court.

*By the Court*.—Order affirmed.

Not recommended for publication in the official reports.